# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| TINA HEATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. _____ |
| JOHN DOE; J.S. HELWIG & SON, | ) | |
| L.L.C.; AND HELWIG TRUCKING, | ) | |
| LLC; | ) | |
| | ) | Oconee Superior Court Case |
| Defendants. | ) | No. SUCV2021000286 |

---

## DEFENDANTS J.S. HELWIG & SON, L.L.C. AND HELWIG TRUCKING, LLC'S NOTICE OF REMOVAL

---

**COME NOW** Defendants J.S. HELWIG & SON, L.L.C. (hereinafter "J.S. Helwig"), and Helwig Trucking, LLC (hereinafter "Helwig Trucking"), in the above-styled action, and within the time prescribed by law, file this Notice of Removal of this action from the Superior Court of Oconee County to the United State District Court for the Middle District of Georgia, Athens Division, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,000,

exclusive of interests and costs.   Under 28 U.S.C. §1441(b), no party properly joined and served as a defendant in this action is a citizen of Georgia, the state in which this action is filed.   Defendants J.S. Helwig and Helwig Trucking respectfully shows the Court the following facts:

1.

On or about September 13, 2021, Plaintiff Tina Heath filed suit against Defendants in the Superior Court of Oconee County claiming damages arising out of a motor vehicle accident on May 20, 2020.   This suit is styled *Tina Heath v. John Does; J.S. Helwig & Son, L.L.C.; and Helwig Trucking, LLC* and numbered Civil Action File No. SUCV2021000286 in that Court.   A complete copy of the lawsuit along with all Court pleadings are attached as Exhibit "A" and are incorporated by reference.   This case is being removed within thirty (30) days of receipt of a pleading which indicates the case is removable and well within one year of the commencement of the action.

2.

Said action is of a civil nature at law whereby Plaintiff seeks to recover damages in excess of $75,000.00 from Defendants, exclusive of interest and costs.

3.

The United States District Court for the Middle District of Georgia, Athens Division, embraces Oconee County, Georgia.  Thus, removal to this Court is proper under 28 U.S.C. §1441(a).

4.

Upon information and belief, Plaintiff Tina Heath is a resident and citizen of the State of Georgia.  (See Plaintiff's Complaint ¶ 2).

5.

Defendant J.S. HELWIG & SON, L.L.C., is a foreign limited liability company organized under the laws of the State of Texas, with its principal place of business in Terrell, Texas.  This Defendant and its members are not citizens of the State of Georgia, and were not citizens of the State of Georgia on the date of the filing of the aforesaid civil action and has not been thereafter.  (See Plaintiff's Complaint ¶¶ 5-6).

6.

Defendant HELWIG TRUCKING, LLC, is a foreign limited liability company organized under the laws of the State of Wisconsin, with its principal place of business in Chippewa Falls, Wisconsin.  This Defendant and its members are not citizens of the State of Georgia, and were not citizens of the State of

Georgia on the date of the filing of the aforesaid civil action and has not been thereafter.  (See Plaintiff's Complaint ¶¶ 13-14)

7.

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction over all citizen actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Here, Plaintiff and Defendants are citizens of different states and the amount in controversy is greater than $75,000.

8.

When a Plaintiff does not allege a specific amount of damages in the complaint, the removing defendant may demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1446(c)(2).

9.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

10.

In the case at bar, Plaintiff seeks to recover damages for injuries sustained as a result of a motor vehicle accident allegedly caused by an unidentified John Doe driver. The Complaint states Plaintiff Tina Heath has suffered severe and permanent damages as a result of the alleged negligence of Defendants. (See Plaintiff's Complaint ¶ ¶ 43, 55).

The Plaintiff's Complaint alleges claims for "all special damages and compensatory damages, medical expenses, property damage and loss of use, lost wages and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law." (Plaintiff's Complaint ¶ 60). Further, Plaintiff is also seeking punitive damages "to punish, penalize and deter others from similar conduct in the future." (Plaintiff's Complaint ¶¶ 62-64).

11.

"If [the Court finds] the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).  "In

determining whether jurisdiction exists, the courts may consider a settlement offer that appears to be a reasonable assessment of the claim and not mere puffery." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n.62 (11th Cir. 2007).

12.

In the present case, Plaintiff sent Defendant Helwig Trucking, LLC, a pre-suit demand in the amount of $399,000.00, based on the Plaintiff's medical expenses to date in the amount of $43,315.14; lost wages of $1,052.48; unspecified future medical expenses related to injuries to her right knee, right shoulder, neck and back including possible knee surgery; pain and suffering and punitive damages for hit-and-run.[1] (Exhibit "B"). The demand far exceeds the minimum jurisdictional amount required to confer Federal diversity jurisdiction under 28 U.S.C. §1332 and represents a reasonable assessment of the value that Plaintiff attaches to his claim.

13.

Defendant J.S. HELWIG & SON, L.L.C. has attached hereto its Answer and Defenses filed in the Superior Court of Oconee County, copies being marked as Exhibit "C."

---

[1] Plaintiff's pre-suit demand package totaled 280 pages, including voluminous medical records and other exhibits. Defendants attach as Exhibit "B" only the Plaintiff's demand letter and exhibits with the exception of Plaintiff's redacted medical records.  However, Defendants will supplement the remainder of the demand package if requested by the Court.

14.

Defendant Helwig Trucking, LLC, was served with the Summons and Complaint on or about September 17, 2021, however the affidavit of service was not filed until October 7, 2021, which is more than 5 business days after the date of service, so it has not filed an Answer to Plaintiff's Complaint or otherwise appeared in the Superior Court Action at the time of this filing.

15.

Defendants J.S. HELWIG & SON, L.L.C., and HELWIG TRUCKING, LLC have given written notice of the filing of this Notice of Removal to the Plaintiff by notifying her attorneys of record, Adewale Odetunde, WLG ATLANTA, LLC, 600 Peachtree Street, NE, Suite 4010, Atlanta, GA 30308. Defendants filed a written notice with the Clerk of the Superior Court of Oconee County, copy of said notice being marked as "Exhibit D" and attached hereto.

16.

Defendants J.S. HELWIG & SON, L.L.C., and HELWIG TRUCKING, LLC, have complied with all provisions of 28 U.S.C. § 1446 governing the procedure for removal.  By virtue of 28 U.S.C. §1441 and 28 U.S.C. §1332 and based upon the allegations in Plaintiff's Complaint, the United States District Court for the Middle District of Georgia, Athens Division, has original jurisdiction over this matter.

17.

Defendants J.S. HELWIG & SON, L.L.C. and HELWIG TRUCKING, LLC reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove this case.

**WHEREFORE**, Defendants J.S. HELWIG & SON, L.L.C. and HELWIG TRUCKING, LLC pray that this case be removed to the United States District Court for the Middle District of Georgia, Athens Division.

This 20th day of October, 2021.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Ashley D. Alfonso*_____
ASHLEY D. ALFONSO
Georgia State Bar No. 195484
*Counsel for Defendant J.S. Helwig & Son, L.L.C.*

1355 Peachtree Street, NE, Suite 300
Atlanta, GA  30309
Telephone: 404-874-8800
Facsimile:  404-888-6199
Ashley.alfonso@swiftcurrie.com

Shires, Peake & Gottlieb, LLC

*/s/  Kevin  T.  Shires*
Kevin T. Shires, Esq.
Georgia Bar No.: 643290
*Counsel  for  Defendant  Helw*

Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413
(678) 940-4420 (Fax)
kshires@spgattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the within and foregoing ***DEFENDANTS J.S. HELWIG & SON, L.L.C., and HELWIG TRUCKING, LLC'S, NOTICE OF REMOVAL*** with the Clerk of Court and served via electronic transmission using the CM/ECF system to all counsel of record:

<table>
<tr><td>Adewale Odetunde, Esq.</td><td>Kevin T. Shires, Esq.</td></tr>
<tr><td>WLG ATLANTA, LLC</td><td>SHIRES PEAKE & GOTTLIEB</td></tr>
<tr><td>600 Peachtree Street, NE, Suite 4010</td><td>284 N Main Street</td></tr>
<tr><td>Atlanta, GA 30308</td><td>Alpharetta, GA 30009</td></tr>
<tr><td>Adewale.Odetunde@Witherritelaw.com</td><td>kshires@spgattorneys.com</td></tr>
<tr><td>*Counsel for Plaintiff*</td><td>*Counsel for Helwig Trucking, LLC*</td></tr>
</table>

This 20th day of October, 2021.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ Ashley D. Alfonso* _____

ASHLEY D. ALFONSO
Georgia State Bar No. 195484
*Counsel for Defendant J.S. Helwig & Son, L.L.C.*

1355 Peachtree Street, NE, Suite 300
Atlanta, GA  30309
Telephone: 404-874-8800
Facsimile:  404-888-6199
Ashley.alfonso@swiftcurrie.com

4819-9417-1903, v. 1