## General Civil and Domestic Relations Case Filing Information Form

⌨ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
OCONEE COUNTY, GEORGIA
**SUCV2021000286**
**SEP 13, 2021 05:56 PM**

Angela Elder-Johnson, Clerk
Oconee County, Georgia

☑ **Superior or** ☐ **State Court of** ___Oconee___ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 09-13-2021 MM-DD-YYYY | **Case Number** SUCV2021000286 |

### Plaintiff(s)
Heath, Tina

Last   First   Middle I.   Suffix   Prefix

### Defendant(s)
J.S. Helwig & Son, L.L.C.

Last   First   Middle I.   Suffix   Prefix

Helwig Trucking, LLC

Last   First   Middle I.   Suffix   Prefix

**Plaintiff's Attorney** Odetunde, Adewale    **Bar Number** 374418    **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number    _____ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

EXHIBIT A

Version 1.1.20

# SUPERIOR COURT OF OCONEE COUNTY
## STATE OF GEORGIA

*SCB PSC1987*
*9-17-21*
*9-20-21*

CIVIL ACTION NUMBER  <u>SUCV2021000286</u>

Heath, Tina

---
PLAINTIFF

**VS.**

J.S. Helwig & Son, L.L.C.
Helwig Trucking, LLC

---
DEFENDANTS

### SUMMONS

TO: J.S. HELWIG & SON, L.L.C.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Adewale Odetunde**
**WLG Atlanta, LLC**
**600 Peachtree Street NE**
**Suite 4010**
**Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of September, 2021.**

Clerk of Superior Court

Angela Elder-Johnson, Clerk
Oconee County, Georgia

Page 1 of 1

# SUPERIOR COURT OF OCONEE COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   <u>SUCV2021000286</u>

Heath, Tina

_____

**PLAINTIFF**

                                            **VS.**

J.S. Helwig & Son, L.L.C.
Helwig Trucking, LLC

_____

**DEFENDANTS**

## SUMMONS

TO: HELWIG TRUCKING, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Adewale Odetunde**
> **WLG Atlanta, LLC**
> **600 Peachtree Street NE**
> **Suite 4010**
> **Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 13th day of September, 2021.**

                                         Clerk of Superior Court

Angela Elder-Johnson, Clerk
Oconee County, Georgia

Page 1 of 1

⚓ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
OCONEE COUNTY, GEORGIA

SUCV2021000286
LL
SEP 13, 2021 05:56 PM

*Angela Elder-Johnson*
Angela Elder-Johnson, Clerk
Oconee County, Georgia

**IN THE SUPERIOR COURT OF OCONEE COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TINA HEATH; | § | |
| | § | CIVIL ACTION |
| Plaintiff, | § | |
| | § | |
| VS. | § | FILE NO. _____ |
| | § | |
| JOHN DOE; J.S. HELWIG & SON, | § | |
| L.L.C.; AND HELWIG TRUCKING, LLC; | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF TINA HEATH ("Plaintiff"), by and through her counsel of record and files this her Complaint for Damages showing this Honorable Court as follows:

1.      This is an action for personal injury damages arising out of a motor vehicle collision that occurred on or about May 20, 2020, in Oconee County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Tina Heath is a resident of Greene County, Georgia.

3.      Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 6:03 p.m. on May 20, 2020, on State Route 8, in Oconee County, Georgia.

4.      Defendant John Doe ("John Doe") is an unknown individual and therefore cannot be served at this time.  Plaintiff believes that Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC know the identity of their driver, John Doe, which Plaintiff intends to identity through written discovery.

5.      Defendant J.S. Helwig & Son, L.L.C.  is a foreign corporation doing business in the state of Georgia and is authorized to conduct business in Georgia.

6.      J.S. Helwig & Son, L.L.C.  may be served through its registered agent, David Watkins, at Highland Park West, 4300 MacArthur Avenue, Suite 165, Dallas, Texas 75209.

7.      Once served with process, J.S. Helwig & Son, L.L.C.  is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

8.      Once served with process, J.S. Helwig & Son, L.L.C. is subject to the jurisdiction of this Court.

9.      J.S. Helwig & Son, L.L.C. was properly served with process in this civil action.

10.      J.S. Helwig & Son, L.L.C. was sufficiently served with process in this civil action.

11.      J.S. Helwig & Son, L.L.C. is subject to the jurisdiction of this Court.

12.      Venue in the above-styled civil action is proper as to J.S. Helwig & Son, L.L.C. in this County and Court.

13.      Defendant Helwig Trucking, LLC is a foreign corporation doing business in the state of Georgia and is authorized to conduct business in Georgia.

14.      Helwig Trucking, LLC may be served through its registered agent, Michael Helwig, at 3030 120th Street, Chippewa Falls, Wisconsin 54729.

15.     Once served with process, Helwig Trucking, LLC is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

16.     Once served with process, Helwig Trucking, LLC is subject to the jurisdiction of this Court.

17.     Helwig Trucking, LLC was properly served with process in this civil action.

18.     Helwig Trucking, LLC was sufficiently served with process in this civil action.

19.     Helwig Trucking, LLC is subject to the jurisdiction of this Court.

20.     Venue in the above-styled civil action is proper as to Helwig Trucking, LLC in this County and Court.

21.     Venue in the above-styled civil action is proper in this County and Court.

<u>FACTS</u>

22.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

23.     On May 20, 2020, at approximately 6:03 p.m., Plaintiff Tina Heath was traveling eastbound on State Route 8 in Oconee County in the far-right lane.

24.     On May 20, 2020, at approximately 6:03 p.m., John Doe was operating his 18-wheeler, owned by Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC traveling southbound on State Route 8 in the lane immediately to Plaintiff's left.

25.     On May 20, 2020, at approximately 6:03 p.m., John Doe made an unsafe lane change into Plaintiff's lane.

26.     On May 20, 2020, at approximately 6:03 p.m., John Doe's 18-wheeler collided hard with the driver's side of Plaintiff's vehicle, which caused Plaintiff's vehicle to be trapped between the 18-wheeler and the concrete barrier.

27.     On May 20, 2020, at approximately 6:03 p.m., immediately following the collision, John Doe fled the scene of the collision.

28.     As a result of the incident, Plaintiff was injured and continues to suffer injuries and damages from this incident.

29.     At all times related to the subject collision, Plaintiff Tina Heath was acting in a reasonable and prudent manner.

30.     Defendant John Doe was an employee and/or agent of Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC.

31.     Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

32.     Defendants are 100% at fault for causing the subject collision.

33.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of the subject collision.

34.     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

35.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of Plaintiffs' injuries and/or damages.

36.     No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's injuries and/or damages.

37.     Plaintiff was an innocent victim of the collision described in this Complaint.

38.     Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

39.     As a result of the collision, Plaintiff has suffered serious and permanent injuries and damages.

### COUNT I: NEGLIGENCE OF DEFENDANTS J.S. HELWIG & SON, L.L.C. AND/OR HELWIG TRUCKING, LLC'S DRIVER, JOHN DOE

40.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

41.     At all relevant times, Defendant John Doe owed the following civil duties to Plaintiff but violated those duties in the following ways:

    a.  Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

    b.  Failing to keep an assured safe distance from Plaintiff's vehicle;

    c.  Changing lanes when unsafe to do so;

    d.  Failing to drive at a reasonable and prudent speed under the conditions;

    e.  Failing to make reasonable and proper observations while driving;

    f.  Failing to safely operate his 18-wheeler;

    g.  Failing to obey traffic laws;

    h.  Failing to make reasonable and proper observations while driving;

    i.  Otherwise failing to act reasonably and prudently as a driver should under the circumstances;

    j.  Operating a cellular mobile device while driving; and

    k.  Fleeing the scene of a collision.

42.     Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his/her operation of his truck and trailer, including:

a.  Changing lanes when unsafe to do so (O.C.G.A. § 40-6-123);

b.  Failure to Drive Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

c.  Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

d.  Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1);

e.  Reckless Driving (O.C.G.A. § 40-6-390); and

f.  Failing to immediately stop at the scene of the wreck (O.C.G.A. §40-6-270).

43.     As a result of John Doe's negligence, Plaintiff has suffered severe and permanent damages.

44.     As a direct and proximate result of the negligence and negligence *per se* of Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC's driver, John Doe, Plaintiff is entitled to recover special damages, including but not limited to:

a.  Medical expenses in the past and in the future, in an amount that will be proved at trial;

b.  Lost wages in the past and loss of earning capacity in the future, in an amount that will be proved at trial; and

c.  Property damage and loss of use of her vehicle.

45.     Plaintiff is also entitled to recover for her general damages, including but not limited to:

a.  Shock of impact;

b.  Disability;

c.   Loss of enjoyment of life;

d.   Disfigurement in the past and future;

e.   Physical impairment in the past and future;

f.   Physician pain and suffering in the past and future; and

g.   Mental anguish in the past and future.

### COUNT II:   NEGLIGENCE OF DEFENDANTS J.S. HELWIG & SON, L.L.C. AND/OR HELWIG TRUCKING, LLC

46.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

47.     At all times material hereto, Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC's driver, John Doe, was an employee of Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC.

48.     At all times material hereto, Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC's driver, John Doe, was acting within the scope and course of his employment with Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC.

49.     At all times material hereto, Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC's driver, John Doe, was an agent of J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC.

50.     At all times material hereto, Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC's driver, John Doe, was acting within the scope and course of his agency with Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC.

51.     At all times material hereto, Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC's driver, John Doe, was authorized by Defendants J.S. Helwig &

Son, L.L.C. and/or Helwig Trucking, LLC to operate the 18-wheeler that was involved in the collision described in this Complaint.

52.     Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC are liable for the negligent actions and omissions of John Doe pursuant to the doctrine of *respondeat superior*.

53.     Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC's were the owner(s) of the 18-wheeler operated by John Doe and are therefore liable for damages caused in this case.

54.     Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC were also themselves negligent in the following ways:

     a.   Negligently hiring or contracting with Defendant John Doe to drive the 18-wheeler at issue;

     b.   Negligently training John Doe;

     c.   Negligently entrusting John Doe to drive the 18-wheeler professionally;

     d.   Negligently retaining John Doe to drive the 18-wheeler at issue;

     e.   Negligently qualifying John Doe;

     f.   Failing to supervise John Doe; and

     g.   Otherwise failing to act as a reasonably prudent company under the circumstances.

55.     As a direct and proximate result of the negligence of Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC's driver, John Doe, in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

56.     Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC are liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

### COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

57.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

58.     Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC and/or their driver, acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendant's acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries and damages.

59.     As a direct and proximate result of the negligence of Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC and their driver, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, property damage, loss of enjoyment of life, anxiety, and related damages.

60.     As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, property damage and loss of use, lost wages and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

<u>COUNT IV: PUNITIVE DAMAGES</u>

61.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

62.     Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC and their driver's acts were knowing, willful, wanton, and/or demonstrated an entire want of care, which raises the presumption of a conscious indifference to consequences.

63.     The actions of Defendant motor carriers J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC and their driver, as set forth herein, were done intentionally, knowingly and willfully with a reckless and wanton disregard to the consequences and damages that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

64.     Accordingly, Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC and their driver, are liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a)     A trial by jury;

b)     For Summons and Complaint to issue against each Defendant;

c)     For judgment against each Defendant to compensate Plaintiff and minor Plaintiff for past and future injuries and damages;

d)     For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)     For judgment against Defendant motor carrier and its driver for punitive damages as shown to be fair and appropriate at the trial of this case;

f)       Court costs, discretionary costs, and prejudgment interest; and

g)       For all such further and general relief which this Court deems just and

proper.

Dated this 13th day of September, 2021.

Respectfully submitted,

WLG ATLANTA, LLC

*/s/ Adewale Odetunde*
ADEWALE ODETUNDE
GEORGIA STATE BAR NUMBER 374418
ATTORNEY FOR PLAINTIFF


600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:    470-881-8804
DIRECT:          470-480-7545
FACSIMILE:     470-881-8821
E-MAIL:          ADEWALE.ODETUNDE@WITHERITELAW.COM

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
OCONEE COUNTY, GEORGIA

**SUCV2021000286**
LL

SEP 13, 2021 05:56 PM

Angela Elder-Johnson, Clerk
Oconee County, Georgia

**IN THE SUPERIOR COURT OF OCONEE COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| TINA HEATH; | § | |
| | § | CIVIL ACTION |
| Plaintiff, | § | |
| | § | |
| VS. | § | FILE NO. _____ |
| | § | |
| JOHN DOE; J.S. HELWIG & SON, | § | |
| L.L.C.; AND HELWIG TRUCKING, LLC; | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF TINA HEATH'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO
DEFENDANT HELWIG TRUCKING, LLC SERVED WITH THE COMPLAINT**

COMES NOW PLAINTIFF Tina Heath in the above-captioned lawsuit and

pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following

First Requests for Admissions, First Interrogatories and First Request for Production

and to Defendant Helwig Trucking, LLC for response under oath to the subject

interrogatories, pursuant to the Georgia Civil Practice Act, and as required by law.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to

include every type of paper, writing, data, record, graphic, drawing, photograph, audio

recording and video recording.  The term includes material in all forms, including

printed, written, recorded, or other.  The term includes all files, records and data

contained in any computer system, computer component and/or computer storage (e.g.,

hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not

limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)      "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)      "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required

the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

**PLAINTIFF TINA HEATH'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT HELWIG TRUCKING, LLC SERVED WITH THE COMPLAINT – Page 3**

8.  "**Subject Collision**" means the collision described in the Complaint.

9.  "**HELWIG TRUCKING, LLC**," "**You**", "**Your**," or "**Yours**" means Defendant

Helwig Trucking, LLC

10. "**JOHN DOE**" as used herein refers to and means Defendant Driver John Doe.

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**     At the time of the Subject Collision, John Doe was an agent of Helwig Trucking, LLC

**REQUEST NO. 2**     At the time of the Subject Collision, John Doe was an employee of Helwig Trucking, LLC

**REQUEST NO. 3**     At the time of the Subject Collision, John Doe was acting within the course and scope of his employment or agency with Helwig Trucking, LLC

**REQUEST NO. 4**     At the time of the Subject Collision, John Doe was operating the 18-wheeler owned by Helwig Trucking, LLC

**REQUEST NO. 5**     At the time of the Subject Collision, John Doe was operating the 18-wheeler with the permission of Helwig Trucking, LLC

**REQUEST NO. 6**     At the time of the Subject Collision, John Doe was operating the 18-wheeler with the knowledge of Helwig Trucking, LLC

**REQUEST NO. 7**     At the time of the Subject Collision, John Doe was operating the 18-wheeler as trained by Helwig Trucking, LLC

**REQUEST NO. 8**     Helwig Trucking, LLC's corporate name was properly stated in the Complaint.

**REQUEST NO. 9**     Venue is proper in this Court.

**REQUEST NO. 10**     Jurisdiction is proper in this Court.

**REQUEST NO. 11**     Service of process upon Helwig Trucking, LLC in this civil action was proper.

**REQUEST NO. 12**     Service of process upon Helwig Trucking, LLC in this civil action was legally sufficient.

**REQUEST NO. 13**     At the time of the collision described in this Complaint, John Doe was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 14**     At the time of the collision described in this Complaint, Defendant Helwig Trucking, LLC owned the 18-wheeler that was being operated by Defendant John Doe.

**REQUEST NO. 15**     At the time of the collision described in this Complaint, Defendant John Doe was operating an 18-wheeler over the public roadways in Georgia.

**REQUEST NO. 16**     At all times material to this Complaint, Helwig Trucking, LLC was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as an interstate motor carrier.

**REQUEST NO. 17**     At all times material hereto, Helwig Trucking, LLC was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

**REQUEST NO. 18**     At the time of the collision described in this Complaint, John Doe was operating an 18-wheeler in the furtherance of Defendant Helwig Trucking, LLC's business.

**REQUEST NO. 19**     At the time of the collision described in this Complaint, John Doe was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 20**     At the time of the collision described in this Complaint, Defendant John Doe was acting within the course and scope of his employment with Defendant Helwig Trucking, LLC

**REQUEST NO. 21**     At the time of the collision described in this Complaint, Defendant John Doe was acting within the course and scope of his agency with Defendant Helwig Trucking, LLC

**REQUEST NO. 22**     On May 20, 2020, at approximately 6:03 p.m., Plaintiff Tina Heath was traveling eastbound on State Route 8 in Oconee County in the far-right lane.

**REQUEST NO. 23**     On May 20, 2020, at approximately 6:03 p.m., John Doe was operating his 18-wheeler, owned by Defendants Helwig Trucking, LLC and/or Helwig Trucking, LLC traveling southbound on State Route 8 in the lane immediately to Plaintiff's left.

**REQUEST NO. 24**     On May 20, 2020, at approximately 6:03 p.m., John Doe made an unsafe lane change into Plaintiff's lane.

**REQUEST NO. 25**     On May 20, 2020, at approximately 6:03 p.m., John Doe's 18-wheeler collided hard with the driver's side of Plaintiff's vehicle, which caused Plaintiff's vehicle to be trapped between the 18-wheeler and the concrete barrier.

**REQUEST NO. 26**     On May 20, 2020, at approximately 6:03 p.m., immediately following the collision, John Doe fled the scene of the collision.

**REQUEST NO. 15**    Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1

**REQUEST NO. 16**    The force of the collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 17**    The collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 18**    Defendant Helwig Trucking, LLC conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 27**    Defendant Helwig Trucking, LLC concluded that Defendant John Doe was the sole cause of the subject collision.

**REQUEST NO. 28**    Following the collision described in this Complaint, Defendant Helwig Trucking, LLC disciplined Defendant John Doe.

**REQUEST NO. 29**    Defendant Helwig Trucking, LLC and/or its driver are 100% at fault for causing the subject collision.

**REQUEST NO. 30**    No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision described in this Complaint.

**REQUEST NO. 31**    No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 32**    No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 33**    No act or failure to act on the part of Plaintiff caused or contributed to Plaintiff's claimed injuries or damages.

**REQUEST NO. 34**    No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 35**    Plaintiff was an innocent victim in the subject collision described in his Complaint.

**REQUEST NO. 36**    Defendant Helwig Trucking, LLC agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 37**    Defendant John Doe agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 38**    Plaintiff did suffer injuries, damages, and losses as a result of the collision described in his Complaint.

## O.C.G.A. § 9-11-33 INTERROGATORIES

**INTERROGATORY NO. 1**    Please identify the driver of the 18-wheeler that was involved in the subject wreck on May 20, 2020 by name, address, phone number and date of birth.

**INTERROGATORY NO. 2**    If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 3**    For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

**INTERROGATORY NO. 4**    Please provide the weight of the subject 18-wheeler at the time of the Subject Collision.

**INTERROGATORY NO. 5**    Explain the relationship between Defendant Helwig Trucking, LLC and Defendant Driver John Doe at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 6**    If you maintain that Defendant Driver John Doe was not acting within the course and scope of his employment or agency at the time of the

Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 7**    Identify and explain all communications of any kind between Defendant Driver John Doe and anyone acting for or on behalf of Defendant Helwig Trucking, LLC during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 8**    Identify all Defendant Helwig Trucking, LLC's policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Defendant Driver John Doe at the time of the Subject Collision, that dealt with or addressed defensive and/or safe driving practices and procedures.

**INTERROGATORY NO. 9**    Identify all Defendant Helwig Trucking, LLC's policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Defendant Driver John Doe regarding safe and defensive driving practices and procedures.

**INTERROGATORY NO. 10**   Describe in detail when and how you first became aware that Defendant Driver John Doe was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 11**   State whether you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision and/or the injuries and damages alleged in the Complaint and provide a detailed description of the basis

for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 12**   Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 13**   Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Defendant Helwig Trucking, LLC believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 14**   Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 15**   Did Defendant Helwig Trucking, LLC make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related

to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 16**   Identify each person Defendant Helwig Trucking, LLC expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 17**   Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 18**   Identify each person who provided information to the person verifying these interrogatory responses to be used or potentially used in answering the interrogatories.

**INTERROGATORY NO. 19**   For each of Plaintiff' First Request for Admissions to Defendant Helwig Trucking, LLC that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

**REQUEST NO. 1:**   Any and all documents related to the identity of the driver of the vehicle that was involved in the subject wreck on May 20, 2020.

**REQUEST NO. 2:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Helwig Trucking, LLC

**REQUEST NO. 3:**   A copy of each document retention policy in effect for Helwig Trucking, LLC at any time between the time of the Subject Incident and present.

**REQUEST NO. 4:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 5:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

<u>DRIVER</u>

**REQUEST NO. 6:**   All documents setting forth the relationship between John Doe and Helwig Trucking, LLC This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 7:**   The contents of John Doe's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 8:**   All documents of any kind that relate to any pre-employment background investigation of John Doe, including without limitation any investigation of John Doe's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Helwig Trucking, LLC This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 9:**   All documents that relate in any way to your recruiting of John Doe.

**REQUEST NO. 10:**  All documents that relate in any way to you hiring John Doe.

**REQUEST NO. 11:**  All documents that relate in any way to any orientation provided by Helwig Trucking, LLC to John Doe.

**REQUEST NO. 12:**  All documents that relate in any way to training of John Doe. This includes, but is not limited to, all documents that show all training received by John Doe, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 13:**  All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Helwig Trucking, LLC to John Doe at any time. An answer key should also be provided.

**REQUEST NO. 14:**  Copies of all documents (a) explaining how John Doe was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 15:**  A copy of the front and back of every driver's license issued to John Doe (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 16:**  All documents placing you on notice of any violation by John Doe of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 17:**  All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of John Doe in your possession, custody, and/or control.

**REQUEST NO. 18:**  A copy of all documents relating to any violation of any safety rule or principle by John Doe at any time.

**REQUEST NO. 19:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Helwig Trucking, LLC directed to John Doe for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing John Doe in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 20:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which John Doe has been involved.

**REQUEST NO. 21:** Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of John Doe. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 22:** For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the vehicle that John Doe was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by John Doe or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 23:** Copies of all documents prepared by John Doe that describe the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 24:** All documents evidencing any evaluation of the driving abilities, safety, and/or performance of John Doe that have not been produced in response to the preceding requests.

**REQUEST NO. 25:** A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing John Doe in any way, that has not been produced in response to other requests above.

<u>HOURS OF SERVICE-RELATED DOCUMENTS</u>

**REQUEST NO. 26:**  A copy of all John Doe's hours of service logs and any other driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 27:** In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what John Doe was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days (2) following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

      a.      All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

      b.      All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

      c.      All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind,

load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.      All documents evidencing any and all stops; and

e.      All driver call in reports and any other documentation of any communications between you and John Doe.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 28:** A copy of all audits and summaries of John Doe's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 29:** For the vehicle involved in the Subject Incident, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance Schedules;

e.      All documents evidencing maintenance performed on the vehicle at any time within six (6) months before the Subject Incident;

f.      All documents evidencing any inspections of the vehicle during the six (6) months before the Subject Incident;

g.      All documents evidencing any repairs and/or modifications to the vehicle at any time within six (6) months before the Subject Incident;

h.      All documents evidencing any repairs made to the vehicle as a result of the Subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:** If any data is available (whether or not downloaded or retrieved) from the vehicle or any part or system from the vehicle (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake

system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 31:** If the vehicle at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 32:** Produce copies of all e-mails between John Doe and Helwig Trucking, LLC for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 33:** Produce copies of all communications and transmissions between John Doe and Helwig Trucking, LLC that were transmitted through any system on-board of the vehicle involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 34:** If the vehicle was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:** To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the vehicle or anything inside or connected to any part or system of the vehicle that was involved in the Subject Incident.

**REQUEST NO. 36:** A copy of each out of service report or violation concerning the vehicle involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 37:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 38:** Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 39:** For the vehicle involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 40:** Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the vehicle.

<u>**LOAD**</u>

**REQUEST NO. 41:** All documents that relate to the load being hauled by John Doe at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

<u>**SUBJECT INCIDENT**</u>

**REQUEST NO. 42:** A copy of every document related to any investigation done by or on behalf of Helwig Trucking, LLC of the scene of the Subject Incident.

**REQUEST NO. 43:** All documents authored by anyone working for or on behalf of Helwig Trucking, LLC that set forth any facts relating to the Subject Incident.

**REQUEST NO. 44:** All documents that explain what caused the Subject Incident.

**REQUEST NO. 45:** All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 46:** If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 47:** Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Incident;

      b.      Any person involved in the Subject Incident;

      c.      The scene of the Subject Incident; and/or

d.      Any evidence (roadway markings or other) relevant to the Subject

Incident.

**REQUEST NO. 48:** Copies of all reports (you know what this means and it is not vague)

relating to the Subject Incident including those prepared by John Doe and those

prepared by anyone working for or on behalf of Helwig Trucking, LLC (except lawyers).

**REQUEST NO. 49:** A copy of all correspondence and other communications (including e-

mail) that you have had with any person other than your lawyer involving the Subject

Incident.

**REQUEST NO. 50:** All tapes and transcripts of conversations, interviews, and/or

statements of any person who purports to know any facts or circumstances relevant to

the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 51:** If an Accident Review Board or similar entity reviewed the Subject

Incident, produce the following:

a.      A copy of all documents (as defined) and other materials of any kind

reviewed by said board or entity;

b.      A copy of all reports and documents (as defined) of any kind generated by

said board or entity;

c.      Documents evidencing who was on the board;

d.      Documents evidencing all criteria for review; and

e.      Determination of preventability and all other conclusions reached by said

board or entity.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 52:** Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 53:** Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

## POLICY AND PROCEDURES

**REQUEST NO. 54:** Copies of all Helwig Trucking, LLC policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

a.      Working for or with trucking company generally (e.g., employee manual or handbook);

b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

c.      Operation of a 18-wheeler;

d.      Driving safety;

e.      Defensive driving;

f.      Compliance with federal and state laws and regulations;

g.      Accident investigation;

h.      Accident review boards;

i.      Determination of preventability of accidents;

j.      Hiring, training, and supervising drivers; and

k.      Disciplinary actions.

**REQUEST NO. 55:** Copies of each document that John Doe signed to prove that John Doe received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Helwig Trucking, LLC

**REQUEST NO. 56:** To the degree that Helwig Trucking, LLC has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to John Doe before the Subject Incident, please produce them now.

**REQUEST NO. 57:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record, or test, maintained by your company, or used by Helwig Trucking, LLC, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 58:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

### <u>COMPANY</u>

**REQUEST NO. 59:** Copy of documents showing the hierarchy of managerial positions at Helwig Trucking, LLC and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 60:** A copy of each document (including articles and presentations) prepared and/or presented by any Helwig Trucking, LLC representative relating to the safe operation of an 18-wheeler and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 61:** All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 62:** A copy of all lease and trip lease contracts applicable to John Doe and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 63:** Copies of any contract under which your company was operating the 18-wheeler in question at the time of the Subject Incident.

**REQUEST NO. 64:** A copy of Helwig Trucking, LLC's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 65:** Transcripts or recordings of all depositions of corporate designees for Helwig Trucking, LLC given in the past five (5) years in cases where it was alleged that a driver working for Helwig Trucking, LLC caused injury or death to another person.

**REQUEST NO. 66:** Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 67:** All correspondence and other communication of any kind between you and any other defendant to this Action.

<u>MISCELLANEOUS</u>

**REQUEST NO. 68:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

      a.      A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

      b.      A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

      c.      A copy of the entire file of said expert;

      d.      A current résumé or curriculum vitae for said expert; and

      e.      All billing records and work logs for said expert.

**REQUEST NO. 69:** A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 70:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 71:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 72:** Produce each document or thing that you contend evidences or supports your denial of any of Plaintiffs' Requests for Admissions.

**REQUEST NO. 73:** If any surveillance has been undertaken by or on behalf of Helwig Trucking, LLC, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

      Served with the Complaint upon Defendant.

Respectfully submitted,

WLG ATLANTA, LLC

*/s/ Adewale Odetunde*
ADEWALE ODETUNDE
GEORGIA STATE BAR NUMBER 374418
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
DIRECT:        470-480-7545
FACSIMILE:     470-881-8821
E-MAIL:        ADEWALE.ODETUNDE@WITHERITELAW.COM

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
OCONEE COUNTY, GEORGIA

**SUCV2021000286**
LL

SEP 13, 2021 05:56 PM

*Angela Elder Johnson*
Angela Elder-Johnson, Clerk
Oconee County, Georgia

## IN THE SUPERIOR COURT OF OCONEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TINA HEATH; | § | |
| | § | CIVIL ACTION |
| Plaintiff, | § | |
| | § | |
| VS. | § | FILE NO. _____ |
| | § | |
| JOHN DOE; J.S. HELWIG & SON, | § | |
| L.L.C.; AND HELWIG TRUCKING, LLC; | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF TINA HEATH'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT J.S. HELWIG & SON, L.L.C. SERVED WITH THE COMPLAINT

COMES NOW PLAINTIFF Tina Heath in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following First Requests for Admissions, First Interrogatories and First Request for Production and to Defendant J.S. Helwig & Son, L.L.C. for response under oath to the subject interrogatories, pursuant to the Georgia Civil Practice Act, and as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)   "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required

the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.  "**Subject Collision**" means the collision described in the Complaint.

9.  "**J.S. HELWIG & SON, L.L.C.**," "**You**", "**Your**," or "**Yours**" means Defendant J.S. Helwig & Son, L.L.C.

10. "**JOHN DOE**" as used herein refers to and means Defendant Driver John Doe.

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**      At the time of the Subject Collision, John Doe was an agent of J.S. Helwig & Son, L.L.C.

**REQUEST NO. 2**      At the time of the Subject Collision, John Doe was an employee of J.S. Helwig & Son, L.L.C.

**REQUEST NO. 3**      At the time of the Subject Collision, John Doe was acting within the course and scope of his employment or agency with J.S. Helwig & Son, L.L.C.

**REQUEST NO. 4**      At the time of the Subject Collision, John Doe was operating the 18-wheeler owned by J.S. Helwig & Son, L.L.C.

**REQUEST NO. 5**      At the time of the Subject Collision, John Doe was operating the 18-wheeler with the permission of J.S. Helwig & Son, L.L.C.

**REQUEST NO. 6**      At the time of the Subject Collision, John Doe was operating the 18-wheeler with the knowledge of J.S. Helwig & Son, L.L.C.

**REQUEST NO. 7**      At the time of the Subject Collision, John Doe was operating the 18-wheeler as trained by J.S. Helwig & Son, L.L.C.

**REQUEST NO. 8**      J.S. Helwig & Son, L.L.C.'s corporate name was properly stated in the Complaint.

**REQUEST NO. 9**      Venue is proper in this Court.

**REQUEST NO. 10**      Jurisdiction is proper in this Court.

**REQUEST NO. 11**      Service of process upon J.S. Helwig & Son, L.L.C. in this civil action was proper.

**REQUEST NO. 12**      Service of process upon J.S. Helwig & Son, L.L.C. in this civil action was legally sufficient.

**REQUEST NO. 13**    At the time of the collision described in this Complaint, John Doe was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 14**    At the time of the collision described in this Complaint, Defendant J.S. Helwig & Son, L.L.C. owned the 18-wheeler that was being operated by Defendant John Doe.

**REQUEST NO. 15**    At the time of the collision described in this Complaint, Defendant John Doe was operating an 18-wheeler over the public roadways in Georgia.

**REQUEST NO. 16**    At all times material to this Complaint, J.S. Helwig & Son, L.L.C. was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as an interstate motor carrier.

**REQUEST NO. 17**    At all times material hereto, J.S. Helwig & Son, L.L.C. was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

**REQUEST NO. 18**    At the time of the collision described in this Complaint, John Doe was operating an 18-wheeler in the furtherance of Defendant J.S. Helwig & Son, L.L.C.'s business.

**REQUEST NO. 19**    At the time of the collision described in this Complaint, John Doe was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 20**     At the time of the collision described in this Complaint, Defendant John Doe was acting within the course and scope of his employment with Defendant J.S. Helwig & Son, L.L.C.

**REQUEST NO. 21**     At the time of the collision described in this Complaint, Defendant John Doe was acting within the course and scope of his agency with Defendant J.S. Helwig & Son, L.L.C.

**REQUEST NO. 22**     On May 20, 2020, at approximately 6:03 p.m., Plaintiff Tina Heath was traveling eastbound on State Route 8 in Oconee County in the far-right lane.

**REQUEST NO. 23**     On May 20, 2020, at approximately 6:03 p.m., John Doe was operating his 18-wheeler, owned by Defendants J.S. Helwig & Son, L.L.C. and/or Helwig Trucking, LLC traveling southbound on State Route 8 in the lane immediately to Plaintiff's left.

**REQUEST NO. 24**     On May 20, 2020, at approximately 6:03 p.m., John Doe made an unsafe lane change into Plaintiff's lane.

**REQUEST NO. 25**     On May 20, 2020, at approximately 6:03 p.m., John Doe's 18-wheeler collided hard with the driver's side of Plaintiff's vehicle, which caused Plaintiff's vehicle to be trapped between the 18-wheeler and the concrete barrier.

**REQUEST NO. 26**     On May 20, 2020, at approximately 6:03 p.m., immediately following the collision, John Doe fled the scene of the collision.

**REQUEST NO. 15**    Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1

**REQUEST NO. 16**    The force of the collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 17**    The collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 18**    Defendant J.S. Helwig & Son, L.L.C. conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 27**    Defendant J.S. Helwig & Son, L.L.C. concluded that Defendant John Doe was the sole cause of the subject collision.

**REQUEST NO. 28**    Following the collision described in this Complaint, Defendant J.S. Helwig & Son, L.L.C. disciplined Defendant John Doe.

**REQUEST NO. 29**     Defendant J.S. Helwig & Son, L.L.C. and/or its driver are 100% at fault for causing the subject collision.

**REQUEST NO. 30**     No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision described in this Complaint.

**REQUEST NO. 31**     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 32**     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 33**     No act or failure to act on the part of Plaintiff caused or contributed to Plaintiff's claimed injuries or damages.

**REQUEST NO. 34**     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 35**     Plaintiff was an innocent victim in the subject collision described in his Complaint.

**REQUEST NO. 36**     Defendant J.S. Helwig & Son, L.L.C. agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 37**     Defendant John Doe agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 38**     Plaintiff did suffer injuries, damages, and losses as a result of the collision described in his Complaint.

## O.C.G.A. § 9-11-33 INTERROGATORIES

**INTERROGATORY NO. 1**    Please identify the driver of the 18-wheeler that was involved in the subject wreck on May 20, 2020 by name, address, phone number and date of birth.

**INTERROGATORY NO. 2**    If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 3**    For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

**INTERROGATORY NO. 4**    Please provide the weight of the subject 18-wheeler at the time of the Subject Collision.

**INTERROGATORY NO. 5**    Explain the relationship between Defendant J.S. Helwig & Son, L.L.C. and Defendant Driver John Doe at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 6**    If you maintain that Defendant Driver John Doe was not acting within the course and scope of his employment or agency at the time of the

Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 7**    Identify and explain all communications of any kind between Defendant Driver John Doe and anyone acting for or on behalf of Defendant J.S. Helwig & Son, L.L.C. during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 8**    Identify all Defendant J.S. Helwig & Son, L.L.C.'s policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Defendant Driver John Doe at the time of the Subject Collision, that dealt with or addressed defensive and/or safe driving practices and procedures.

**INTERROGATORY NO. 9**    Identify all Defendant J.S. Helwig & Son, L.L.C.'s policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Defendant Driver John Doe regarding safe and defensive driving practices and procedures.

**INTERROGATORY NO. 10**   Describe in detail when and how you first became aware that Defendant Driver John Doe was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 11**   State whether you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision and/or the injuries and damages alleged in the Complaint and provide a detailed description of the basis

for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 12**   Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 13**   Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Defendant J.S. Helwig & Son, L.L.C. believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 14**   Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 15**   Did Defendant J.S. Helwig & Son, L.L.C. make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related

to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 16**   Identify each person Defendant J.S. Helwig & Son, L.L.C. expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 17**   Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 18**   Identify each person who provided information to the person verifying these interrogatory responses to be used or potentially used in answering the interrogatories.

**INTERROGATORY NO. 19**   For each of Plaintiff' First Request for Admissions to Defendant J.S. Helwig & Son, L.L.C. that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## <u>O.C.G.A. § 9-11-34 DOCUMENT REQUESTS</u>

**REQUEST NO. 1:**   Any and all documents related to the identity of the driver of the vehicle that was involved in the subject wreck on May 20, 2020.

**REQUEST NO. 2:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant J.S. Helwig & Son, L.L.C.

**REQUEST NO. 3:**   A copy of each document retention policy in effect for J.S. Helwig & Son, L.L.C. at any time between the time of the Subject Incident and present.

**REQUEST NO. 4:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 5:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

<u>**DRIVER**</u>

**REQUEST NO. 6:**   All documents setting forth the relationship between John Doe and J.S. Helwig & Son, L.L.C. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 7:**   The contents of John Doe's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 8:**   All documents of any kind that relate to any pre-employment background investigation of John Doe, including without limitation any investigation of John Doe's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with J.S. Helwig & Son, L.L.C. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 9:**   All documents that relate in any way to your recruiting of John Doe.

**REQUEST NO. 10:** All documents that relate in any way to you hiring John Doe.

**REQUEST NO. 11:** All documents that relate in any way to any orientation provided by J.S. Helwig & Son, L.L.C. to John Doe.

**REQUEST NO. 12:** All documents that relate in any way to training of John Doe. This includes, but is not limited to, all documents that show all training received by John Doe, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 13:** All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of J.S. Helwig & Son, L.L.C. to John Doe at any time. An answer key should also be provided.

**REQUEST NO. 14:** Copies of all documents (a) explaining how John Doe was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 15:** A copy of the front and back of every driver's license issued to John Doe (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 16:** All documents placing you on notice of any violation by John Doe of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 17:** All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of John Doe in your possession, custody, and/or control.

**REQUEST NO. 18:** A copy of all documents relating to any violation of any safety rule or principle by John Doe at any time.

**REQUEST NO. 19:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of J.S. Helwig & Son, L.L.C. directed to John Doe for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing John Doe in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 20:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which John Doe has been involved.

**REQUEST NO. 21:** Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of John Doe. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 22:** For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the vehicle that John Doe was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by John Doe or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 23:** Copies of all documents prepared by John Doe that describe the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 24:** All documents evidencing any evaluation of the driving abilities, safety, and/or performance of John Doe that have not been produced in response to the preceding requests.

**REQUEST NO. 25:** A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing John Doe in any way, that has not been produced in response to other requests above.

**HOURS OF SERVICE-RELATED DOCUMENTS**

**REQUEST NO. 26:** A copy of all John Doe's hours of service logs and any other driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 27:** In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what John Doe was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days (2) following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

> a. All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);
>
> b. All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.      All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.      All documents evidencing any and all stops; and

e.      All driver call in reports and any other documentation of any communications between you and John Doe.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 28:**  A copy of all audits and summaries of John Doe's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

## VEHICLE INFORMATION

**REQUEST NO. 29:** For the vehicle involved in the Subject Incident, produce the following documents:

a.       Title;

b.       Registration;

c.       Operators manual;

d.       Maintenance Schedules;

e.       All documents evidencing maintenance performed on the vehicle at any time within six (6) months before the Subject Incident;

f.       All documents evidencing any inspections of the vehicle during the six (6) months before the Subject Incident;

g.       All documents evidencing any repairs and/or modifications to the vehicle at any time within six (6) months before the Subject Incident;

h.       All documents evidencing any repairs made to the vehicle as a result of the Subject collision (including insurance submissions);

i.       All leases involving the vehicle;

j.       Documents evidencing the purchase of the vehicle;

k.       Documents evidencing the sale of the vehicle if it has been sold;

l.       Documents evidencing mileage and weight at time of the Subject Incident; and

m.       Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 30:** If any data is available (whether or not downloaded or retrieved) from the vehicle or any part or system from the vehicle (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 31:** If the vehicle at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 32:** Produce copies of all e-mails between John Doe and J.S. Helwig & Son, L.L.C. for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 33:** Produce copies of all communications and transmissions between John Doe and J.S. Helwig & Son, L.L.C. that were transmitted through any system on-board of the vehicle involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 34:** If the vehicle was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 35:** To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the vehicle or anything inside or connected to any part or system of the vehicle that was involved in the Subject Incident.

**REQUEST NO. 36:** A copy of each out of service report or violation concerning the vehicle involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 37:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 38:** Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 39:** For the vehicle involved in the Subject Incident, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 40:** Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the vehicle.

**LOAD**

**REQUEST NO. 41:** All documents that relate to the load being hauled by John Doe at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

**SUBJECT INCIDENT**

**REQUEST NO. 42:** A copy of every document related to any investigation done by or on behalf of J.S. Helwig & Son, L.L.C. of the scene of the Subject Incident.

**REQUEST NO. 43:** All documents authored by anyone working for or on behalf of J.S. Helwig & Son, L.L.C. that set forth any facts relating to the Subject Incident.

**REQUEST NO. 44:** All documents that explain what caused the Subject Incident.

**REQUEST NO. 45:** All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 46:** If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 47:** Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.     Any vehicle involved in the Subject Incident;

      b.     Any person involved in the Subject Incident;

c.      The scene of the Subject Incident; and/or

d.      Any evidence (roadway markings or other) relevant to the Subject

Incident.

**REQUEST NO. 48:** Copies of all reports (you know what this means and it is not vague)

relating to the Subject Incident including those prepared by John Doe and those

prepared by anyone working for or on behalf of J.S. Helwig & Son, L.L.C. (except

lawyers).

**REQUEST NO. 49:** A copy of all correspondence and other communications (including e-

mail) that you have had with any person other than your lawyer involving the Subject

Incident.

**REQUEST NO. 50:** All tapes and transcripts of conversations, interviews, and/or

statements of any person who purports to know any facts or circumstances relevant to

the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 51:** If an Accident Review Board or similar entity reviewed the Subject

Incident, produce the following:

a.      A copy of all documents (as defined) and other materials of any kind

reviewed by said board or entity;

b.      A copy of all reports and documents (as defined) of any kind generated by

said board or entity;

c.      Documents evidencing who was on the board;

d.      Documents evidencing all criteria for review; and

e.      Determination of preventability and all other conclusions reached by said

board or entity.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 52:** Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 53:** Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

## POLICY AND PROCEDURES

**REQUEST NO. 54:** Copies of all J.S. Helwig & Son, L.L.C. policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

a.      Working for or with trucking company generally (e.g., employee manual or handbook);

b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

c.      Operation of a 18-wheeler;

d.      Driving safety;

e.      Defensive driving;

f.      Compliance with federal and state laws and regulations;

g.      Accident investigation;

h.      Accident review boards;

i.      Determination of preventability of accidents;

j.      Hiring, training, and supervising drivers; and

k.      Disciplinary actions.

**PLAINTIFF TINA HEATH'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT J.S. HELWIG & SON, L.L.C. SERVED WITH THE COMPLAINT – Page 24**

**REQUEST NO. 55:** Copies of each document that John Doe signed to prove that John Doe received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of J.S. Helwig & Son, L.L.C.

**REQUEST NO. 56:** To the degree that J.S. Helwig & Son, L.L.C. has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to John Doe before the Subject Incident, please produce them now.

**REQUEST NO. 57:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record, or test, maintained by your company, or used by J.S. Helwig & Son, L.L.C., its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 58:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

### <u>COMPANY</u>

**REQUEST NO. 59:** Copy of documents showing the hierarchy of managerial positions at J.S. Helwig & Son, L.L.C. and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 60:** A copy of each document (including articles and presentations) prepared and/or presented by any J.S. Helwig & Son, L.L.C. representative relating to the safe operation of an 18-wheeler and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 61:** All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 62:** A copy of all lease and trip lease contracts applicable to John Doe and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 63:** Copies of any contract under which your company was operating the 18-wheeler in question at the time of the Subject Incident.

**REQUEST NO. 64:** A copy of J.S. Helwig & Son, L.L.C.'s accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 65:** Transcripts or recordings of all depositions of corporate designees for J.S. Helwig & Son, L.L.C. given in the past five (5) years in cases where it was alleged that a driver working for J.S. Helwig & Son, L.L.C. caused injury or death to another person.

**REQUEST NO. 66:** Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 67:** All correspondence and other communication of any kind between you and any other defendant to this Action.

<u>MISCELLANEOUS</u>

**REQUEST NO. 68:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

      a.      A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

      b.      A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

c.      A copy of the entire file of said expert;

d.      A current résumé or curriculum vitae for said expert; and

e.      All billing records and work logs for said expert.

**REQUEST NO. 69:** A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 70:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 71:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 72:** Produce each document or thing that you contend evidences or supports your denial of any of Plaintiffs' Requests for Admissions.

**REQUEST NO. 73:** If any surveillance has been undertaken by or on behalf of J.S. Helwig & Son, L.L.C., produce a copy of all reports, photographs, video, and anything else generated through that investigation.

Served with the Complaint upon Defendant.

Respectfully submitted,

WLG ATLANTA, LLC

*/s/ Adewale Odetunde*
ADEWALE ODETUNDE
GEORGIA STATE BAR NUMBER 374418
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
DIRECT:         470-480-7545
FACSIMILE:     470-881-8821
E-MAIL:         ADEWALE.ODETUNDE@WITHERITELAW.COM

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
OCONEE COUNTY, GEORGIA

**SUCV2021000286**

*Angela Elder-Johnson*

OCT 07, 2021 04:28 PM

Angela Elder-Johnson, Clerk
Oconee County, Georgia

## AFFIDAVIT OF SERVICE

| Case:<br>SUCV2021000286 | Court:<br>Superior Court of Oconee County | County:<br>Oconee, GA | Job:<br>6120218 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Tina Heath | | Defendant / Respondent:<br>J.S. Helwig & Son, L.L.C. and Helwig Trucking, LLC | |
| Received by:<br>CGA Solutions | | For:<br>Witherite Law Group, LLC | |
| To be served upon:<br>Helwig Trucking, LLC c/o Michael Helwig, Registered Agent | | | |

I, Wayne Turnquist, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | Peggy Helwig, Owner 3030 120th Street, Chippewa Falls, Wisconsin 54729 |
| Manner of Service: | Registered Agent, Sep 20, 2021, 11:45 am EDT |
| Documents: | Summons, Complaint for Damages,  Plaintiff Tina Heath's First Combined Set Of Written Discovery To Defendant  Helwig Trucking, L.L.C  Served With The Complaint (Received Sep 14, 2021 at 5:32pm EDT) |

Additional Comments:
1) Successful Attempt: Sep 17, 2021, 11:40 am EDT at 3030 120th Street, Chippewa Falls, Wisconsin 54729 received by Peggy Helwig, Owner
Age: 50-55; Ethnicity: Caucasian; Gender: Female; Weight: 160; Height: 5'4"; Hair: Black;

*Wayne Turnquist*          10/4/21

Wayne Turnquist          Date

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me.

*Brenda Parker*

Notary Public

10/4/21

Date          Commission Expires   9/16/2023

BRENDA R. PARKER
NOTARY
PUBLIC
STATE OF WISCONSIN

## AFFIDAVIT OF SERVICE

| Case: SUCV2021000286 | Court: Superior Court of Oconee County | County: Oconee, GA | Job: 6120218 |
|---|---|---|---|
| Plaintiff / Petitioner: Tina Heath | | Defendant / Respondent: J.S. Helwig & Son, L.L.C. and Helwig Trucking, LLC | |
| Received by: CGA Solutions | | For: Withente Law Group, LLC | |
| To be served upon: J.S. Helwig & Son, L.L.C. c/o David Watkins, Registered Agent | | | |

I, Stephen C. Buskirk, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   David Watkins, Registered Agent, Highland Park West, 4300 MacArthur Ave Suite 165, Dallas, TX 75209-6512

**Manner of Service:**   Registered Agent, Sep 20, 2021, 11:45 am EDT

**Documents:**   Summons, Complaint for Damages, Plaintiff Tina Heath's First Combined Set Of Written Discovery To Defendant Helwig Trucking, LLC Served With The Complaint, Plaintiff Tina Heath's First Combined Set Of Written Discovery To Defendant J.S. Helwig & Son, L.L.C. Served With The Complaint (Received Sep 14, 2021 at 5:32pm EDT)

**Additional Comments:**
1) Successful Attempt: Sep 20, 2021, 11:45 am EDT at Highland Park West, 4300 MacArthur Ave Suite 165, Dallas, TX 75209-6512 received by David Watkins, Registered Agent. Age: 70-75; Ethnicity: Caucasian; Gender: Male; Weight: 220; Height: 6'1"; Hair: Brown; positively identified self at time of service.

Stephen C. Buskirk, PSC1987          9-22-2021
                                                        Date

Subscribed and sworn to before me by the affiant who is personally known to me

Notary Public

9/22/2021          3/24/2024
Date                   Commission Expires

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

SUNNY S. BUSKIRK
Notary Public, State of Texas
Comm. Expires 03-24-2024
Notary ID 126457653

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
OCONEE COUNTY, GEORGIA

**SUCV2021000286**
LL

**OCT 11, 2021 12:46 PM**

*Angela Elder-Johnson*
Angela Elder-Johnson, Clerk
Oconee County, Georgia

## AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| SUCV2021000286 | Superior Court of Oconee County | Oconee, GA | 6120218 |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| Tina Heath | J.S. Helwig & Son, L.L.C. and Helwig Trucking, LLC |

| Received by: | For: |
|---|---|
| CGA Solutions | Withente Law Group, LLC |

| To be served upon: |
|---|
| J.S. Helwig & Son, L.L.C. c/o David Watkins, Registered Agent |

i, Stephen C. Buskirk, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** David Watkins, Registered Agent, Highland Park West: 4300 MacArthur Ave Suite 165, Dallas, TX 75209-6512

**Manner of Service:** Registered Agent, Sep 20, 2021, 11:45 am EDT

**Documents:** Summons, Complaint for Damages, Plaintiff Tina Heath's First Combined Set Of Written Discovery To Defendant Helwig Trucking, LLC Served With The Complaint, Plaintiff Tina Heath's First Combined Set Of Written Discovery To Defendant J.S. Helwig & Son, L.L.C. Served With The Complaint (Received Sep 14, 2021 at 5:32pm EDT)

**Additional Comments:**
1) Successful Attempt: Sep 20, 2021, 11:45 am EDT at Highland Park West: 4300 MacArthur Ave Suite 165, Dallas, TX 75209-6512 received by David Watkins, Registered Agent. Age: 70-75; Ethnicity: Caucasian; Gender Male; Weight: 220; Height: 6'1"; Hair: Brown; positively identified self at time of service.

*Stephen C. Buskirk*   9-22-2021

Stephen C. Buskirk, PSC1987          Date

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me

*Sunny S. Buskirk*

Notary Public

9/22/2021          3/24/2024

Date          Commission Expires

SUNNY S. BUSKIRK
Notary Public, State of Texas
Comm. Expires 03-24-2024
Notary ID 126457653