**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA ATHENS DIVISION**

| | | |
|---|---|---|
| **TINA HEATH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **No. 3:21-CV-119 (CAR)** |
| | : | |
| **JEFFREY BLACK and J.S. HELWIG & SON, L.L.C.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER ON MOTIONS TO QUASH**

Before the Court are Plaintiff's Motion to Quash Defendants' Subpoenas for Production of Documents to Numerous Non-Parties and Motion for Protective Order [Doc. 22], and Defendant Jeffrey Black's Special Appearance Motion to Quash Service of Discovery Requests [Doc. 24]. After thoroughly considering the Motions, responses, and applicable law, and conducting a telephone conference with the parties, the Court **DENIES** the Motions.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Tina Heath filed this personal injury action alleging she suffered serious injuries after an 18-wheeler collided with the driver's side of her vehicle. Plaintiff originally filed the action in the Superior Court of Oconee County against Defendants J.S. Helwig & Son L.L.C., the owner of the tractor-trailer truck, and John Doe, the

driver.[1] Defendant J.S. Helwig removed the case here pursuant to the Court's diversity jurisdiction. On March 3, 2022, Plaintiff filed her First Amended Complaint with leave of Court and designated Defendant Jeffrey Black as the named defendant truck driver for Defendant John Doe.[2]

Plaintiff filed an Affidavit of Service on March 22, 2022, stating that Defendant Black was served through abode service by leaving a copy of the summons and First Amended Complaint with a person identified as "Dorothy aka Dot" at 422 Alexander St., Mooresville, NC 28115.[3] Defendant Black then filed his Special Appearance Answer on April 7, 2022, without submitting to the jurisdiction of the Court and asserted insufficient service of process as a defense.[4]

On March 31, 2022, Defendants served subpoenas for production of documents to ten non-parties for Plaintiff's medical, radiology, and billing records; insurance records; employment and personnel records; and driving records. Plaintiff filed her Motion seeking to quash the subpoenas as overly broad, not limited in time and scope,

---

[1] Plaintiff also originally named Helwig Trucking, LLC as a defendant but dismissed Helwig Trucking by stipulation of dismissal on February 18, 2022.
[2] Doc. 16.
[3] Doc. 19.
[4] Doc. 21.

requiring disclosure of privileged documents and information, and irrelevant. Plaintiff also requested a protective order.

On April 19, 2022, Plaintiff served its first discovery requests to Defendant Black. Thereafter, Defendant Black filed his Motion seeking to quash service of the requests. Defendant Black contends he does not reside at 422 Alexander Street, Mooresville, NC, and therefore Plaintiff failed to properly serve him with a coy of the summons and First Amended Complaint; thus, he is not subject to the Court's jurisdiction, he is not required to participate in discovery or respond to Plaintiff's discovery requests, and the Court should quash service of those requests.

On June 28, 2022, the Court held a telephone conference with the parties to address these Motions.

## DISCUSSION

**Plaintiff's Motion to Quash Subpoenas and for a Protective Order**

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas in federal civil actions. The breadth and limits of discovery set forth in Rule 26 are applicable to nonparty discovery under Rule 45. Rule 45 permits a party to procure discovery from a non-party through the issuance and service of a subpoena. Rule 45(c)(3)(A) provides that, upon timely motion, a court must quash or modify a subpoena that "requires

disclosure of privileged or other protected matter, if no exception or waiver applies."[5] In addition, although Rule 45 does not identify relevance as a reason for quashing a subpoena, the scope of discovery for a subpoena seeking documents is the same as that under Rule 26(b).[6]

Federal Rule of Civil Procedure 26 provides in relevant part that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"[7] As stated by the Supreme Court interpreting an earlier version of this Rule, "[t]he key phrase in this definition—'relevant to [any party's claim or defense]'—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[8] Thus, in the discovery context, courts "should and ordinarily do[ ] interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation."[9]

---

[5] Fed. R. Civ. P. 45(c)(3)(A)(iii).

[6] *See* Fed. R. Civ. P. 45 advisory committee's note to the 1970 Amendments (stating the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.").

[7] Fed. R. Civ. P. 26(b)(1).

[8] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation and internal quotation marks omitted).

[9] *Id.* at 351 n. 12 (citation omitted).

Rule 26 makes clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."[10]

During the telephone conference, Plaintiff stated that he had no problems with the subpoenas issued to the insurance company or the Georgia Department of Driver Services. Moreover, Plaintiff stated that he no longer sought a protective order. Plaintiff only challenged the subpoenas issued to Plaintiff's medical providers and to her employer.

Plaintiff argued that the subpoenas issued to her medical providers should be limited in time. But, as the Court explained in the telephone conference, the subpoenas are issued to medical providers Plaintiff identified as her treating physicians. The Court will not limit Defendants' ability to conduct relevant discovery on Plaintiff's medical condition that she placed in issue in this case. As to her employment file, Plaintiff was employed as a truck driver, and Defendants are entitled to conduct discovery on her driving history in the event she seeks to give testimony based on her experience as a truck driver.

**<u>Defendant Black's Motion to Quash Service of Discovery Requests</u>**

[10] *Id.*

Defendant Black has failed to prove Plaintiff improperly served him. "A defendant must show invalidity of service by clear and convincing proof before being entitled to an order granting a motion to quash."[11] Any conflict in the parties' affidavits or pleadings should be resolved in favor of Plaintiff.[12]

The record establishes Plaintiff properly served Defendant Black. Under Federal Rule of Civil Procedure 4(e), service on an individual may be made in the manner provided for under state law, or by: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service or process.[13]

Defendant failed to produce any proof, much less clear and convincing proof, of invalid service. On the contrary, the record shows Plaintiff properly served Defendant Black by leaving a copy of the summons and First Amended Complaint at his place of abode. The process server, Marcus Lawing, in his executed and notarized affidavit, attested that Dorothy confirmed she and Black resided at the Alexander

---

[11] *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014).
[12] *Id.* (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).
[13] Fed. R. Civ. P. 4(e).

Street address. In his affidavit, Lawing stated, "Successful Attempt: Mar 17, 2022, 2:15 pm EDT at 422 Alexander St., Mooresville, NC 28115 received by Dorothy aka Dot, Age 65-70; Ethnicity: African American; Gender: Female; Weight: 185; Height: 5'5"; Hair: Black. Dorothy aka Dot stated that the defendant was not home. She confirmed that both she and the defendant lived at this address and accepted service on behalf of the defendant."[14]

Unless challenged, a return of service that is filed with the Court pursuant to the Federal Rules of Civil Procedure establishes "the *prima facie* validity and timeliness of service."[15] "[T]he serving party bears the burden of proving its validity or good cause for failure to effect timely service."[16] Defendant has offered no evidence to rebut effective service, and thus, Defendant's Motion is denied.

Defendant Black is subject to the jurisdiction of this Court and is hereby **DIRECTED** to cooperate and participate in all discovery as set forth in the Scheduling and Discovery Order that governs this case. Defendant Black's refusal or failure to participate in discovery may result in sanctions. "The district court has broad

---

[14] Doc. 19.
[15] *Ullico Cas. Co. v. Scott & Sons Holdings, LLC*, 2013 WL 12244911, at *6 (N.D. Ga. Jan. 17, 2013); *see also Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1353 (N.D. Ga. 2008) ("As a general rule, a signed return of service constitutes prima facie evidence of valid service.").
[16] *Id.*

discretion to control discovery. This power includes the ability to impose sanctions on uncooperative litigants."[17] When a party "fails to obey an order to provide or permit discovery" Rule 37(b)(2)(A) authorizes the Court to impose a wide range of sanctions upon the disobeying party, including:

(i) Directing that facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) Prohibiting the defendant from supporting or opposing designated claims, or from introducing evidence;

(iii) Striking a defendant's answer;

(iv) Rendering a default judgment against the defendant; or

(v) Finding the defendant in contempt of court.[18]

Finally, the Court **CAUTIONS** the parties against filing perfunctory motions that waste the Court's valuable time and resources.

**CONCLUSION**

Based on the foregoing analysis, Plaintiff's Motion to Quash Defendants' Subpoenas for Production of Documents to Numerous Non-Parties and Motion for

[17] *Phipps v. Blakeney*, 8 f.3d 788, 790 (11th Cir. 1993).
[18] Fed. R. Civ. 37(b)(2)(a).

Protective Order [Doc. 22], and Defendant Jeffrey Black's Special Appearance Motion to Quash Service of Discovery Requests [Doc. 24] are **DENIED**.

**SO ORDERED,** this 1st day of July, 2022.

S. C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

SSH