IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TINA HEATH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 3:21-CV-119 (CAR) |
| J.S. HELWIG & SON, L.L.C.; and | : | |
| JEFFREY BLACK, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER SETTING PRETRIAL CONFERENCE DATE AND TRIAL DATE**

THIS ORDER, AND THE ATTACHED PRETRIAL ORDER FORM, MUST BE CAREFULLY READ.  THIS ORDER, AND THE ATTACHED PRETRIAL ORDER FORM, ARE AMENDED FROM TIME TO TIME.  THIS DOCUMENT INCLUDES THE LATEST REVISIONS.

NOTE:  THE PAGES OF THE PROPOSED PRETRIAL ORDER MUST BE NUMBERED.

1.

A Rule 16 pretrial conference will be held in **MACON, Georgia** on **June 13, 2024**. The Court requires that lead counsel for each party (or each party unrepresented by counsel) attend the pretrial conference.

1

2.

This case is scheduled for <u>trial</u> in **ATHENS, Georgia** during the term beginning on **August 5, 2024**.

3.

No later than **May 23, 2024**, each party shall deliver to all other parties a list of witnesses the party expects to present and those the party may call if the need arises.

4.

No later than **May 23, 2024,** copies of proposed trial exhibits of each party shall be delivered to all other parties.  Participants at the pretrial conference will be expected to be familiar with the proposed exhibits of all parties.

5.

No later than **May 30, 2024**, copies of any motions in limine shall be filed electronically with the Court.  Any responses to the motions to the motions in limine shall be filed electronically with the Court no later than **June 6, 2024.** Participants at the pretrial conference should be prepared to discuss the merits of the motions at the pretrial conference.

6.

No later than **June 6, 2024**, the parties must email the Court a single, <u>JOINT</u> proposed pretrial order in substantially the same form, and covering all the matters referred to in, as the attached form of order.  <u>The Proposed Pretrial Order must be emailed</u>

2

to the Court as an attachment to the email and in word processing format at **Athens.ecf@gamd.uscourts.gov.** Any disagreements regarding the proposed order should be stated and specified in the single, joint proposed pretrial order.

7.

At the **pretrial conference** each party shall:

(a) Produce copies of all proposed exhibits of the party. If production at pretrial of such exhibits is deemed unduly burdensome, a party may apply to the Court for relief prior to the pretrial conference. Unless otherwise ordered by the Court, exhibits produced at the pretrial conference shall be presented in a notebook, with an index of the exhibits included. Plaintiffs' exhibit numbers shall be preceded by the letter "P" and defendants' exhibit numbers shall be preceded by the letter "D". Joint exhibit numbers shall be preceded by the letter "J". **(When the same exhibit is to be used by each side, it should be treated as a joint exhibit and should be marked accordingly.)** Separate documents or items should have separate exhibit numbers. For example, ten photographs are ten exhibits, not one. Avoid "subexhibits," e.g., 17.1 or 17A. Before jury deliberations begin, counsel must ensure that electronic exhibits are identical to exhibits admitted at trial.

Copies of the exhibit notebooks shall be furnished to the Court and opposing parties. Exhibits which cannot be placed in notebooks, such as physical objects, shall be identified and numbered on a separate list. Exhibits not produced at the pretrial

conference, unless excused from production by the Court, will not be allowed at trial, absent a demonstration that the exhibit could not reasonably have been produced at the pretrial conference.

      (b)    Make any objections as to authenticity of the exhibits of the other parties. Any objections to authenticity not made at pretrial shall be deemed waived.

      (c)    Make any other objections to the exhibits of the other parties. Any objections to exhibits not made at the pretrial conference shall be deemed waived, unless otherwise ordered by the Court or unless the objection could not have been known at the time of the pretrial conference.

      (d)    Present to the Court a list of all witnesses who may be called at trial. All objections to witnesses shall be made at the pretrial conference and any objection to witnesses not made at the pretrial conference shall be deemed waived. Witnesses not identified at the pretrial conference shall not be allowed at trial unless otherwise ordered by the Court or unless the witness could not have reasonably been identified prior to the pretrial conference. Opposing counsel may rely on representation by the designated party that he <u>will</u> have a witness present unless notice to the contrary is given in sufficient time prior to trial to allow the other party to subpoena the witness or obtain this testimony by other means.

      (e)    Present to the Court a list of all depositions, including audio and video depositions, which may be used at trial, except for purposes of impeachment by a

4

prior inconsistent statement. All objections to depositions or the contents thereof shall be made at the pretrial conference, and any such objection not made at that time shall be deemed waived. Any extant deposition not identified at the pretrial conference shall not be used at trial absent a demonstration that the deposition could not reasonably have been identified at the pretrial conference. Objections to depositions and the contents of depositions taken between the date of the pretrial conference and the trial shall be made in writing prior to jury selection.

   (f) No motions in limine may be made after the pretrial conference absent a showing that the motions could not reasonably have been made at or before the pretrial conference.

   (g) Present to the Court a list of all pending motions or other matters which require a ruling or other action by the Court. Any pending motions not so identified shall be deemed abandoned by the movant.

   (h) The parties must attach their proposed voir dire questions, jury charges, and verdict forms to the pretrial order.

   (i) The parties shall exchange voir dire questions and be prepared to discuss any objections thereto at the pretrial conference.

   (j) Present to the Court proposed requests to charge the jury, if any. Each proposed request must be on a separate page, double spaced, and numbered for identification. Each proposed charge must be supported by either case law or a pattern

jury charge citation; proposed requests not supported by legal citations will not be considered by the Court.

8.

At **trial** each party shall:

(a) Provide the courtroom deputy an electronic copy of all final exhibits (e.g., on a flash drive) to be used at trial. Such electronic copy must be presented no later than the morning of jury selection.

(b) Furnish one copy of each final exhibit notebook to be placed on the witness stand for use by the witnesses during trial.

**SO ORDERED,** this 18th day of April, 2024.

                                              s/ C. Ashley Royal_____
                                              C. ASHLEY ROYAL, SENIOR JUDGE
                                              UNITED STATES DISTRICT COURT